Oldham* J., delivered the opinion of the court. This is a petition by Garland Hardwick praying for a rule upon Lambert J. Réardop, as land' agent for the State of Arkansas, to appear and show cause why a peremptory mandamus shall not issue against him, requiring him to entertain the application of the petitioner, and permit him to enter at the price of three dollars per acre, the south-east quarter of section twenty-five in township five south of range nine west, containing one hundred and sixty acres, being a part of the seventy-two sections of land donated by Congress to the territory of Arkansas fon a seminary of learning. In answer to, the rule issued against him, the respondent sets 'forth “that the tract of land sought to be entered by said petitioner, although twice advertised for sale .by the Governor in pursuance of the act to authorize the Governor to dispose of the seminary lands, yet it never was offered for sale, nor subjected to the graduation contemplated by said act.” The agent in his response copies an entry made in the books of the land agent by the governor, while acting as agent to the following effect: “•Executive Department, Little Rock, 3d May, ’42. There being no bidder for the remaining portions of the seminary' lands, advertised by proclamation, bearing date the 20th Dec’r 1841, the sale was closed without any part being offered, except the land above mentioned and purchased by Messrs. Hard-wick, Phillips and Whitfield, and amounting to 643 14-100 acres, and” &c. (Signed) A. YELL.” To this response the petitioner has filed his demurrer, insisting that the response shows no good and sufficient reason why a peremptory mandamus should not issue against the defendant. The 9th and 10th sections of the act approved Dec’r 28th, 1S40, entitled “an act to authorize the Governor to dispose of the seminary lands,” provides “that all seminary lands offered’for sale by the Governor and not sold at the time of offering, after the expiration of eighteen months, will be subject to private sale by application to the Governor at three dollars per -acre until otherwise altered by law,” &c. The issue in this case turns upon the question whether there has been an offering of the land in question, so as to subject it to entry at private sale at the graduation price of three dollars per acre, as contemplated by the act of the General Assembly. To constitute a valid offering for sale by the Governor to subject the lands to be entered at the graduation prices as provided by the act, there must have been a proclamation published for the .time and in the manner prescribed by law, and on the day designated for the sale, the land should have been regularly proposed for sale ¡to the highest bidder by the auctioneer or crier of the sale. The proclamation of the Governor did not constitute an offering for sale, but was only, as it was designed to be, a notice to all perspns .desirous of purchasing any of the seminary lands, that an opportunity for that purpose would be afforded them. Such is always .considered to be the effect of the proclamation of the President for the sale of the public lands of the United States. His proclamation is often recalled and the lands withheld from sale. Cases have occurred in which the land officers have withheld the lands proclaimed, from sale, or have been unable to offer them for sale in consequence of the township plats not having been forwarded to the office of the Register in due time and for other causes. In all such cases the lands have never been considered as having been offered for sale, so as to deprive actual settlers of their rights of pre-emption, under the various acts of Congress, or to subject the lands to sale by private entry. The Governor, from the very nature of the trust reposed in him, was necessarily clothed with discretion to offer or withhold the lands, whenever he might conceive the public interest’'required it. The time and place of the sale was left to his discretion, and if he selected an inauspicious time, he certainly possessed the power to withhold the lands from sale to prevent a sacrifice of the interest of the State. It is not for the court to determine whether that discretion was judiciously exercised or not. We are of opinion that inasmuch as the land in question was not regularly proposed for sale, to the highest bidder,.at the place and on the day designated by proclamation for the sale, by the auctioneer or crier of the sale, there was no such offering as is contemplated and required by the act of the legislature, and that consequently the land is not subject to private sale at the graduation prices specified in the act.